[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15086
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-00086-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY MARK HARDING,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 1, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Gary Mark Harding, Jr., challenges the substantive reasonableness of his sentence of a life term of supervised release following Harding's second violation of supervised release after serving prison time for possessing child pornography. After careful consideration, we affirm.

We begin with the conviction that landed Harding in prison in the first instance. Harding pled guilty to one count of possessing visual depictions involving the use of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2). The district court sentenced him to 120 months' imprisonment, followed by a life term of supervised release. The terms of his supervised release included, in relevant part, provisions (1) requiring written approval from the probation officer before possessing or using a computer with internet access, (2) requiring written approval from the probation officer before having direct contact with a minor, and (3) prohibiting possession of any media depicting children in the nude.

After his release from prison, in December 2014, Harding was arrested for violating the conditions of his supervised release—namely, possessing or using a computer with internet access without the probation officer's written consent, and having unauthorized direct contact with a minor. The district court sentenced Harding to a term of eight days for time served, followed by a life term of supervised release with the same relevant provisions as his initial term.

2

In May 2017, Harding was again arrested for violating the conditions of his supervised release.  This time, during a home visit, Harding's probation officer observed a thumb drive plugged into a DVD player in Harding's bedroom.  A subsequent forensic examination of the thumb drive revealed numerous images of nude children.  At the initial revocation hearing, the district court found that Harding had viewed at least one photo of a nude child, so he had violated the terms of his supervision.  The court concluded that the violation was a grade C violation and that, based on Harding's criminal history category of IV, the guideline range was 6 to 12 months' imprisonment.  In addition, the court determined that the maximum sentence was two years' imprisonment and the maximum term of supervised release was life.  But the district judge at the initial revocation hearing did not impose a sentence; rather, the matter was set for a final hearing with the district judge who had handled Harding's previous violation of supervised release and his underlying conviction.  At a final revocation hearing, that judge sentenced Harding to 12 months' imprisonment and a life term of supervised release.

This appeal followed. Harding raises only one issue on appeal: he argues that his sentence of a life term of supervised release was substantively unreasonable because the court failed to consider mitigating circumstances.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).  In so doing, we

"take[] into account the totality of the circumstances." *Id.* at 51. We will vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Irey*, 612 F. 3d 1160, 1190 (11th Cir. 2010) (*en banc*). But we will not reverse merely because we might have reasonably concluded a different sentence was appropriate. *Gall*, 552 U.S. at 51.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)-(7). Generally, the court is required neither to state that it has explicitly considered each factor nor to discuss each factor. *United States v. Sanchez*, 586 F.3d 918, 935 (11th Cir. 2009). It is enough that the court considers the defendant's arguments and states that it has taken the § 3553(a) factors into account. *Id.* As part of the sentence imposed, the court may include or may be required to include a term of supervised release. 18 U.S.C. § 3583(a). But for

4

certain offenses, including under 18 U.S.C. § 2252, the term must be not less than a designated period. *Id.* § 3583(k). If the underlying offense is a sex offense, the sentencing guidelines recommend a life term of supervised release. U.S.S.G. § 5D1.2.

A district court abuses its discretion in sentencing when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189-190. The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). And the court may give greater weight to one factor over others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). A sentence within the guideline range is ordinarily expected to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Harding put on mitigating evidence and requested a sentence of time served of six months, followed by 15 years' supervised release. In addition to presenting evidence of his difficult childhood and early adulthood, Harding argued

5

that he had already been punished enough as a result of his conviction, since he lost his home, possessions, car, job, and money, and that, with respect to supervised release, he needed something "to look forward to." Harding asserted that a lifetime term of supervised release would be repressive and created a sense of hopelessness. Additionally, Harding contended that the terms of his supervised release, including a lifetime prohibition on computer access, were unwarranted in this day and age.

In opposition, the government requested a sentence at the high end of the guideline range: 12 months' imprisonment and a life term of supervised release. The government emphasized that the thumb drive contained 200 images of children and that the possession of images of nude children was similar to the conduct underlying Harding's initial conviction. Additionally, the government noted that this was the second time Harding had violated the conditions of his supervised release. With respect to computer access, the government contended that Harding had not shown he could "resist the temptation" to view nude images, especially given that "there is no bigger singular tool" for accessing child pornography than the Internet.

After hearing arguments, the district court noted that it had considered all of the factors listed in 18 U.S.C. § 3553. The court found that the violation of possessing a thumb drive with images of nude children was more severe than

Harding's previous violation, given his history and the underlying charges. And after acknowledging Harding's arguments and agreeing that a lifetime of supervision "is a long time," the district court explained that Harding had not made a showing that he was on a path to recovery. Therefore, the court revoked Harding's supervision and sentenced him to 12 months' imprisonment, followed by a life term of supervised release.

We find no abuse of discretion. Harding's sentence was substantively reasonable. The district court properly considered all the factors listed in 18 U.S.C. § 3553(a), including Harding's mitigating circumstances, and it did not abuse its discretion in giving more weight to the seriousness of Harding's violation of the conditions of his supervised release. On this record, a sentence of a lifetime of supervised release was within the district court's discretion.

**AFFIRMED.**